IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NEW CINGULAR WIRELESS PCS,　)
LLC d/b/a AT&T Mobility　　　　)
　　　　　　　　　　　　　　　) No. 3-14-0389
v.　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　)
RUTHERFORD COUNTY,　　　　 )
TENNESSEE; RUTHERFORD　　　)
COUNTY, TENNESSEE BOARD OF )
ZONING APPEALS　　　　　　　 )

O R D E R

The parties' joint motion for extension of the initial case management conference (Docket Entry No. 13) is GRANTED.

The parties ask the initial case management conference be rescheduled until after the plaintiff has filed an amended complaint, which the plaintiff intends to file "shortly." Without more specifics, the initial case management conference, rescheduled by order entered February 13, 2014 (Docket Entry No. 7), to April 8, 2014, is again RESCHEDULED to **Thursday, May 8, 2014, at 11:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

If the rescheduled date and time presents scheduling conflicts for counsel, they shall confer and call Ms. Jeanne Cox, Courtroom Deputy, at 615-736-5164, to reschedule.

As provided in the February 13, 2014, order, the stay of discovery, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, was lifted.

Prior to the initial case management conference, counsel for the parties shall meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and shall, to the extent possible, exchange initial disclosures pursuant to Rule 26(a)(1).

Prior to the initial case management conference, counsel for the parties shall also confer and shall prepare a proposed, joint initial case management order, including the parties' respective theories of the case, issues resolved and in dispute, proposed scheduling for the progression of the

case, and any other relevant matters provided in Local Rule 16.01(d)(1)(c) and 16.01(d)(2). If the parties anticipate discovery of electronically stored information, they shall include in the proposed initial case management order the methodology for such discovery. See Administrative Order No. 174, entered July 9, 2007. If the parties anticipate little, if any, electronic discovery and they believe it is not necessary to be governed by Administrative Order No. 174, they shall so provide in the proposed initial case management order.

Counsel shall e-file the proposed order prior to the initial case management conference.

All counsel appearing at the initial case management conference shall bring with them their calendars and be cognizant of the calendars of any attorneys not appearing at the initial case management conference whose schedules are relevant to the scheduling in this case.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge