IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS, LLC, D/B/A AT&T MOBILITY, <br><br> v. <br><br> RUTHERFORD COUNTY, TENNESSEE; RUTHERFORD COUNTY, TENNESSEE BOARD OF ZONING APPEALS. | Civil Action No. 3-14-0389 <br><br> Judge Campbell <br><br> Magistrate Judge Griffin |

**JOINT INITIAL CASE MANAGEMENT ORDER # 1**

Pursuant to Local Rule 16.01(d), Plaintiff New Cingular Wireless PCS, LLC, doing business as AT&T Mobility ("AT&T"), and Defendants Rutherford County, Tennessee and the Rutherford County, Tennessee Board of Zoning Appeals ("County"), hereby respectfully submit this proposed joint initial case management order.

**A.     Jurisdiction.**  The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 332, as well as supplemental jurisdiction under 28 U.S.C. § 1367.

**B.     Parties' Theories of the Case.**

**1.     Plaintiff:**  AT&T challenges the County's denial of a special exception permit to construct a 159-foot wireless facility at 724 Veterans Parkway.  AT&T contends that the County's denial was not supported by substantial evidence in the written record, as required by 47 U.S.C. § 332(c)(7)(B)(iii).  AT&T also contends that the County's denial constitutes an effective prohibition of wireless service, in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II), because AT&T has a significant gap in wireless coverage in the area and its proposed facility is the least intrusive means of remedying that coverage gap.  Finally, AT&T seeks certiorari review of the County's decision under Tennessee law, and contends that the decision does not survive such

1

review because it is contrary to law, in excess of the County's lawful authority, and is arbitrary and not supported by material evidence.

    **2.**  **Defendants:** The County's denial of AT&T's application complied with all aspects of The Federal Telecommunications Act, 47 U.S.C. § 332. The County's denial was supported by substantial evidence contained in a written record as required by 47 U.S.C. § 332(c)(7)(B)(iii). The County's denial does not constitute an effective prohibition of wireless services because AT&T does not have a significant gap in coverage in the area of the proposed tower and the proposed tower site is not the least intrusive means of filling the alleged coverage gap. The County's denial was proper under Tennessee law and the County did not act contrary to law or in excess of the County's lawful authority, nor was the denial arbitrary, capricious or not supported by material evidence.

   **C.**  **Issues Resolved.** Jurisdiction and venue are not in dispute.

   **D.**  **Issues in Dispute.** All issues not resolved are in dispute and include, but may not be limited to: (1) whether the County's decision denying AT&T a special exception permit is supported by substantial evidence, (2) whether AT&T has a significant gap in coverage in the area to be served by its proposed facility, (3) whether AT&T's proposed facility is the least intrusive means of remedying its alleged coverage gap, (4) whether the County's denial constitutes an effective prohibition of service within the meaning of 47 U.S.C. § 332(c)(7)(B)(i)(II), (5) whether the County's decision meets the standards of common law writ of certiorari review under Tennessee law; and (6) the right or availability to provide proof outside the record before the Board of Zoning Appeals on issues 2, 3 and 4.

   **E.**  **Schedule.** AT&T's first claim for relief (substantial evidence review under 47 U.S.C. § 332(c)(7)(B)(iii)) and third claim for relief (common law writ of certiorari) are

limited to review of the record of the proceedings before the County regarding AT&T's request for a special exception permit. Thus, once the record is prepared and submitted, these claims can be promptly resolved through briefing. Resolution of either claim in AT&T's favor could moot AT&T's second claim for relief (effective prohibition claim under 47 U.S.C. § 332(c)(7)(B)(i)(II)), which may, in the Court's discretion, involve fact and expert discovery. As a result, the parties propose that AT&T's first and third claims for relief should be litigated on the following schedule:

<u>Answer</u>: May 15, 2014

<u>Initial disclosures</u>: May 22, 2014

<u>Submission of the record</u>: June 6, 2014

<u>Both parties' cross-motions for summary judg</u>ment on claims 1 and 3: June 27, 2014

<u>Opposition to the moitons on claims 1 and 3: July 25, 2014</u>

<u>Reply: August 14, 2014</u>

With respect to AT&T's second claim for relief, the parties propose that it would be most efficient to schedule another case management conference promptly after resolution of the dispositive motions on AT&T's first and third claims for relief, to address (if necessary) the establishment of discovery and other pre-trial deadlines regarding that claim.

**F.     Discovery Issues.** The parties agree that no discovery is required with respect to AT&T's first and third claims for relief. With respect to AT&T's second claim for relief, the parties anticipate little electronic discovery, and believe it is not necessary to be governed by Administrative Order No. 174.

*Juliet Griffin*
Juliet Griffin, U.S. Magistrate Judge

Respectfully submitted,

Dated: May 7, 2014

  /s/ Hans J. Germann_____

Hans J. Germann (pro hac vice)
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel: 312-782-0600
Fax: 312-701-7711
Email: hgermann@mayerbrown.com

Robert G. Norred, Jr. (# 12740)
Logan-Thompson, P.C.
30 2nd Street NW
Cleveland, TN 37311
Tel: 423-716-6261
Fax: 423-472-0211
Email: rnorred@loganthompsonlaw.com

*Counsel for Plaintiff*

  /s/ Josh McCreary_____

Josh McCreary
Blake Allan Garner
Cope, Hudson, Reed & McCreary, PLLC
16 Public Square North
 P.O. Box 884
Murfreesboro, TN 37133
Tel: (615) 893-5522
Email: jmccreary@mborolaw.com
       bgarner@mborolaw.com

*Counsel for Defendants*

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing Proposed Joint Initial Case Management Order was served on May 7, 2014 via CM/ECF on all counsel or parties of record on the service list below:

                                        s/ Hans J. Germann
                                        Hans J. Germann (pro hac vice)
                                        *Attorney for Plaintiff*

**SERVICE LIST**

Josh McCreary
*Attorney for Defendants*
Cope, Hudson, Reed & McCreary, PLLC
16 Public Square North
P.O. Box 884
Murfreesboro, TN 37133
T: (615) 893-5522
Email: jmccreary@mborolaw.com

Blake Allan Garner
*Attorney for Defendants*
Cope, Hudson, Reed & McCreary, PLLC
16 Public Square North
P.O. Box 884
Murfreesboro, TN 37133
T: (615) 893-5522
Email: bgarner@mborolaw.com

Robert G. Norred, Jr. (#12740)
*Attorney for Plaintiff*
Logan-Thompson, P.C.
30 2nd Street NW
Cleveland, TN 37311
Tel: (423) 716-6261
Fax: (423) 472-0211
Email: rnorred@loganthompsonlaw.com