IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS, LLC d/b/a AT&T Mobility<br><br>v.<br><br>RUTHERFORD COUNTY, TENNESSEE; RUTHERFORD COUNTY, TENNESSEE BOARD OF ZONING APPEALS | No. 3-14-0389 |

CASE MANAGEMENT ORDER # 2

By contemporaneously entered order, the Court has approved and entered the parties' proposed joint initial case management order, with modifications addressed at the initial case management conference held on May 8, 2014. Those modifications and other matters addressed at the initial case management conference are as follows:

1. After being advised of the policy of the Honorable Todd J. Campbell to preclude any party from filing more than one motion for summary judgment,[1] counsel for the parties represented that they would file a motion to be permitted to file cross motions for summary judgment on Claims 1 and 3[2] and, after the resolution of those motions, to file cross motions for summary judgment on Claim 2.[3] The parties are able to file cross motions on Claims 1 and 3 without any discovery and shortly after the administrative order is filed. However, the plaintiff may seek discovery outside the

---

[1] Counsel for the parties used the term "motion for summary judgment" and the Court has continued with that usage although the motion may be more properly denominated as a motion for judgment on the administrative record. See Wilkins v. Baptist Heathcare Sys., Inc., 150 F.3d 609 (6th Cir. 1998).

[2] Claim 1 involves whether the defendants' decision denying the plaintiff a special exception permit is supported by substantial evidence. Claim 3 involves whether the plaintiff's proposed facility is the least intrusive means of remedying the alleged coverage gap.

[3] Claim 2 involves whether the plaintiff has a significant gap in coverage in the area to be served by its proposed facility.

record before filing a motion for summary judgment on Claim 2, and, if the plaintiff seeks discovery, the defendants will seek discovery and the parties will likely disclose experts related to that claim. Resolution of the first round of cross motions for summary judgment could be dispositive of the case and all proceedings relating to Claim 2 could become unnecessary.

If the parties' anticipated motion to be permitted to file two motions for summary judgment is denied, further proceedings will be scheduled with the Magistrate Judge.

2.   If any disputes arise about the completeness of the administrative record to be filed by June 6, 2014, counsel for the parties shall schedule a telephone conference call with the Magistrate Judge to address any such disputed issues.

3.   Both parties shall have until June 27, 2014, to file cross-motions for summary judgment on Claims 1 and 3.

Any response to such motions shall be filed by July 25, 2014, and any reply, if necessary, shall be filed by August 14, 2014.[4]

No other filings in support of or in opposition to the parties' cross motions shall be made after August 14, 2014, except with Judge Campbell's express permission.

4.   A further case management conference will be scheduled after the ruling on the anticipated cross motions for summary judgment to address firm scheduling deadlines for the remaining progression of the case.

5.   The parties believe that it is very unlikely that a trial will be necessary in this case because it is expected that the legal issues to be determined by the Court will be fully determinative. However, if the Court nonetheless wants to schedule a trial, it is recommended that a non-jury trial be scheduled no earlier than December 8, 2015, based on scheduling deadlines tentatively addressed

---

[4] The parties originally proposed that the plaintiff have until June 27, 2014, to file a motion for summary judgment and that the defendants have until July 25, 2014, to not only respond in opposition but also to file their own motion. The order has been modified to require both parties to file any such motions by the same date.

by the parties in the event that resolution of the dispositive motions on Claims 1 and 3 do not resolve the entire case. The parties estimate that the trial could not take more than 1-2 days.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge